GRIFFIN, J.,
concurring specially.
This petition for a writ of certiorari arises out of a civil suit filed by the mother of an eight-year-old child who she claims was sexually assaulted in 2005 on Petitioner’s premises by an older boy. The theory of liability appears to be that Petitioner was negligent in its supervision, although of what or whom is unclear because we do not have the complaint.
Petitioner sought to take the deposition of the child and Respondent moved for a protective order, asserting that testifying would be emotionally harmful to the child. The order under review grants the motion, in toto, at least temporarily. The order declares that the child may not ever be questioned about the assault at all and requires defense counsel to submit his proposed discovery on any other aspect of the case for prior evaluation and opinion by the child’s psychologist to determine whether it would adversely affect the child to be asked or to answer the questions. According to the order, the court will then decide whether any deposition may be had *856 and, if so, what questions may be asked.[1] I agree that this order is not appropriate for certiorari review at this time. While Petitioner may be unhappy with the procedure the trial court has chosen to follow, the real issue is what discovery Petitioner ultimately will receive and when. Like most other orders denying discovery, this will almost certainly have to await the trial of the case. And it is not yet even clear that the court will not eventually allow the discovery to which Petitioner is entitled.
I write in this case, as I have in others, only because I have my eye on the ultimate appeal in this case and because it has been my experience that whoever is on the losing side of an order disallowing discovery has a difficult time tying the lack of discovery to the unfavorable outcome. This is so because they cannot usually show the appellate court what they did not find out. They can only establish that there was a category of information they were not allowed to seek out. Appellate courts are reluctant to reverse a jury verdict and send a case back for what might amount to nothing. We do and we will, if necessary, but a more fair outcome is reached if this is correctly resolved at the trial level.
Here Petitioner has offered not to inquire about the assault itself — at least for now — but wants to find out from the child where he was, who he was with and what he was doing beforehand and other matters relating to the negligent supervision theory. Petitioner also wants to inquire about damages. Respondent seeks to shield the child, who is now twelve years old, from all discovery, relying on Florida Rule of Civil Procedure 1.280(b)(1), claiming it would embarrass, or oppress the child to testify because of the nature of the underlying events. But the rule does not mean a plaintiff can avoid legitimate discovery because the events are distressing or embarrassing to recount. The law is well settled that a plaintiff is not entitled to both his silence and his lawsuit. Brancaccio v. Mediplex Mgt. Inc., 711 So.2d 1206, 1210 (Fla. 4th DCA 1998).
This is a civil proceeding, voluntarily pursued, where money damages are sought to be extracted from Petitioner. Petitioner is entitled to the discovery contemplated by the rules in order to ascertain the facts and fairly present its defenses. According to what I read in the record, it has not yet even been determined whether the child might testify at trial. Unless Petitioner commits to not calling the child, it would seem that Petitioner has a clear right to learn what the child will and will not say.[2] Even if Respondent elects to try to prove this case without the victim, the Petitioner has the right, by some reliable means, to learn what evidence the child may have that may be of benefit to its defense. This is unlike a juvenile or a criminal proceeding where the child’s only status is as victim or witness in a proceeding brought by the State. In such a case, every effort is *857 made to protect the victim to the extent possible consistent with the accused’s due process rights. In a civil case, on the other hand, the plaintiff has elected to sue a third party for damages and the public policy concerns that motivate efforts to protect the victim have less weight. I do not suggest that no accommodation need be made or that sensitivity cannot be required, but this would involve how the discovery is done, not whether it is done. People who have been harmed and who file a civil suit, but who, for whatever reason, are unwilling to participate in legitimate discovery, simply cannot prosecute their lawsuit.

. The court order, in part, provides:
It is further Ordered that Defendant shall prepare a list of known issues that Defendant intends to cover in the deposition of T.A. so that the Plaintiff's psychologist, Ava C. Land, Ph.D., can review said issues and enter an opinion as to whether any deposition or testimony of T.A. should be had or, if deposition should be had, give court direction as to scope, terms and conditions of said deposition, who should attend, how it should be conducted, what issues should be covered.

. There is a recording of a statement recounting sexual abuse given by the child shortly after the event, but in the subsequent juvenile proceeding, he testified he did not remember anything. Respondent appears to assume this recording will be admissible in evidence at trial.